**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JESUS EDUARDO MIZQUIN, *on behalf of himself, FLSA Collective Plaintiffs, and the Class,*<br><br>                          Plaintiff,<br><br>     v.<br><br>PICCININI BROTHERS, INC.,<br>PAUL R. VACCARI, and<br>SYLVIE VACCARI,<br><br>                          Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff JESUS EDUARDO MIZQUIN ("Plaintiff"), on behalf of himself and others similarly situated, hereby files this Complaint against Defendants PICCININI BROTHERS, INC. (the "Corporate Defendant") PAUL R. VACCARI, and SYLVIE VACCARI (the "Individual Defendant", and collectively with the Corporate Defendant, the "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime wages, (2) liquidated damages, and (3) attorneys' fees and costs.

1

2. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid spread of hours premiums, (4) retaliation for sick leave, (5) statutory penalties, (6) liquidated damages, and (7) attorneys' fees and costs.

3. Plaintiff further alleges that Defendants violated the New York State Earned Safe and Sick Time Act, ("ESSTA"), when they refused to allow Plaintiff to seek medical attention when he had a hernia. When Plaintiff complained and asserted his rights under the ESSTA, Defendants fired him. Plaintiff seeks all applicable remedies under the law, including compensatory damages, punitive damages, and attorneys' fees and costs.

4. Defendants operates a meat and butcher shop company under the name PICCININI BROTHERS INC., which provides products to commercial and individual consumers.

5. Plaintiff and others similarly situated are victims of Defendants' scheme to underpay employees. Specifically, Defendants compensated Plaintiff a set amount per week despite the fact that the amount of hours Plaintiff was required worked per week would place the compensation below the statutory minimum wage.

6. Defendant failed to compensate Plaintiff and others similarly situated overtime wages for all relevant weeks where Plaintiff worked over 40 hours.

7. Defendant failed to compensate Plaintiff and others similarly situated for their earned spread of hours for workdays lasting ten hours or longer.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

9. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

10. Plaintiff JESUS EDUARDO MIZQUIN is a resident of Queens County, New York.

11. Corporate Defendant PICCININI BROHERS, INC. is a domestic business corporation duly organized under the laws of the State of New York with a principal place of business located at the address of 633 Ninth Avenue, New York, NY 10036.

12. Individual Defendant PAUL R. VICCARI is the principal and executive officer of Corporate Defendant, exercises operational control as it relates to all employees including Plaintiff. PAUL R. VICCARI exercises the power to fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff. At all times, PAUL R. VICCARI exercised functional control over the business and financial operations of Corporate Defendant. PAUL R. VICCARI had the power and authority to supervise and control Plaintiff's employment and could reprimand employees.

13. Individual Defendant SVLVIE VACCARI is the principal and president of Corporate Defendant, exercises operational control as it relates to all employees including Plaintiff. SYLVIE VACCARI exercises power to fire and hire employees, supervise and control employee work schedule and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff. At all times, SYLVIE VACCARI exercised functional control over the business and financial operations of Corporate Defendant. SYLVIE VACCARI had the power and authority to supervise and control Plaintiff's employment and could reprimand employees.

14. This Court has personal jurisdiction over Defendants in that they are incorporated in the state of New York or operate their headquarters from the State of New York.

15. Corporate Defendant engages in an enterprise whose annual volume of sales made or business done is not less than $500,000, the Defendants are thus employers subject to the jurisdiction of the FLSA.

16. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged. . . in the production of goods for commerce" within the meaning of the FLSA and the NYLL and any Regulations thereunder.

17. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

18. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTION ACTION ALLEGATIONS

19. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including, but not limited to delivery drivers, butchers, and clerks, among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

20. At all and relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated have had substantial job requirements and pay provisions, and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules all culminating in a willful failure and refusal to pay them their proper wages, including overtime, due to straight pay for hours worked beyond 40 hours.

21.   The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## RULE 23 CLASS ALLEGATIONS

22.   Plaintiff brings claim for relief pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including but not limited to delivery drivers, butchers, and clerks, among others, employed by Defendant on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

23.   All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The member and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the positions held, and the rate of pay for each Class Member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. 23.

24.   The proposed Class is so numerous that a joinder of all members is impracticable and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons are unknown, the facts on which the calculation of that number are presently within the sole control of Defendant, there is no doubt that there are more than forty members of the Class.

25.   Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief is typical of the relief, which would be sought by each member

of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay proper minimum wages, including overtime, in accordance to 12 N.Y.C.R.R. § 142, (ii) failing to pay spread of hours premiums, (iii) failing to provide wage and hour notices, at date of hiring and annually, per requirements of the NYLL, and (iv) failing to provide proper wage statements per requirements of the NYLL.

26. Defendants' policies and practices affected all Class Members similarly, and Defendant benefitted from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

27. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

28. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class members are to redress the wrongs done to them. On the other hand, important public interests will be served by addressing

the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources, however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues to this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

29. Defendants and other employers throughout the state violate the NYLL, Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

30. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

    b. What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendant did not pay Plaintiff and Class Members;

    c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class Members for their work;

    d. Whether Defendants properly notified Plaintiff and Class Members of their hourly rate and overtime rate;

    e. Whether Defendants paid Plaintiff and Class Members proper wages for all hours worked, including overtime hours;

    f. Whether Defendants provided wage and hour notices to Plaintiff and Class Members, at the date of hiring and annually, per requirements of the NYLL; and

    g. Whether Defendants provided proper wage statements to Plaintiff and Class Members per requirements of the NYLL.

## STATEMENT OF FACTS

**Wage and Hour Allegations:**

31. On September 10, 2021, Plaintiff was hired by Defendants to work as a delivery driver. During his employment, Plaintiff delivered Defendants' products to various commercial and individual consumers in and around New York. Plaintiff's employment with Defendant was terminated on July 7, 2023.

32. From the start of his employment until the end, Plaintiff was scheduled to work six (6) days per week on the following schedule: (i) thirteen (13) hours per day for four (4) days, Mondays, Thursdays, Fridays, and Saturdays, from 5:00 a.m. to 6:00 p.m., and (ii) sixteen (16) hours per day for two (2) days, Tuesdays and Wednesdays, from 5:00 a.m. to 9:00 p.m., for a total of eighty-four (84) hours per week.

33. Throughout Plaintiff's employment by Defendants, Plaintiff was not given a meal break for the duration of his shifts. As a result, Plaintiff would eat while he worked.

34. From the start of his employment to his termination, Plaintiff was paid at a flat rate of one thousand one hundred dollars ($1,100) per week.

35. At all relevant times, Plaintiff and FLSA Collective Plaintiffs were never compensated overtime pursuant to the FLSA.

36. At all relevant times, Plaintiff and Class members were improperly compensated for his work pursuant to NYLL, including NYLL's Minimum Wage Order for Miscellaneous Industries and Occupations. 12 N.Y.C.R.R. § 142.

37. At all relevant times, Plaintiff and Class members were never compensated for any spread of hours premiums for workdays lasting more than ten hours.

38. Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiff, FLSA Collective Plaintiffs, and Class members for any earned wages pursuant to NYLL or the FLSA.

39. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and Class members the proper overtime rate for all hours worked in excess of forty (40) in each workweek.

40. Defendants knew that Plaintiff worked for six (6) days a week, as Defendants were the ones to require such work. Defendants knew that despite requiring such work they were not compensating Plaintiff at all for this work. Further, Defendants knew that Plaintiff was scheduled to work over forty (40) hours per week, as Defendants were the ones to create such schedules. Defendants therefore knew that any failure to pay wages would also include the failure to pay overtime wages.

41. From the beginning of Plaintiff's employment until around December 2022, Plaintiff and Class members did not receive wage statements that were in compliance with the NYLL.

42. In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's and Class members' interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

43. Here, Defendants' failure goes beyond generating a risk of harm to Plaintiff and Class members. Defendants' conduct actually harmed Plaintiff and Class members. Defendants' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived Plaintiff and Class members of the ability to contest Defendants' calculations, allowed Defendants to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff's and Class members' rights. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under state law. Defendants' failure to provide a wage notice to Plaintiff and Class members allowed Defendants to hide their responsibility and deprive Plaintiff and Class members of timely compensation.

44. Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from Plaintiff and Class members and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class members. This delayed payment caused Plaintiff to struggle to timely pay bills. FLSA Collective Class members similarly struggle to timely pay debts due to Defendants' continued attempts to hide wrongdoing.

45. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

**ESSTA Claims**

46. In or around July 7, 2023, Plaintiff contracted hernia, which caused him intense pain and suffering.

47. Plaintiff requested from Defendants for a day off in order to seek treatment from medical professionals.

48. Defendants refused Plaintiff's request to seek out medical treatment.

49. Plaintiff then complained and asserted his right under the ESSTA, which resulted in Defendants illegally firing Plaintiff.

50. Defendants violated the ESSTA when they terminated Plaintiff for asserting his right for leave to attend to his serious health condition. Plaintiff formally attempted to assert his rights under the ESSTA but was denied by Defendants.

51. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class Members in this litigation and has agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

52.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Complaint as if fully set forth herein.

53.     At all relevant times, Defendants were and continue to be employers engaged in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

54.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

55.     At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

56.     At all relevant times, Defendants had a policy and practice that failed to pay the minimum wage to Plaintiff and FLSA Collective Plaintiffs for all hours worked, in violation of the FLSA.

57.     At all relevant times, Defendants had a policy and practice that failed to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA.

58.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff and FLSA Collective Plaintiffs intends to obtain these records by appropriate discovery proceedings to be

taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

59. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendants knew or should have known such was due.

60. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

61. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs is entitled to liquidated (i.e., double) damages pursuant to the FLSA.

62. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages including unpaid overtime wages, plus an equal amount as liquidated damages.

63. Plaintiff and FLSA Collective Plaintiffs is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

64. Plaintiff realleges and incorporates all the foregoing paragraphs of this Complaint as if fully set forth herein.

65. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

66. Defendants knowingly and willfully failed to pay Plaintiff and Class members the full amount of regular wages in violation of the NYLL.

67. Defendants knowingly and willfully failed to pay Plaintiff and Class members any wages, in violation of the NYLL, including 12 N.Y.C.R.R. § 142.

68. Defendants knowingly and willfully failed to pay Plaintiff and Class members their spread of hours premiums for shifts worked in excess of ten (10) hours, in violation of the NYLL.

69. Defendants knowingly and willfully failed to provide Plaintiff and Class members with proper wage statements as required under the NYLL.

70. Defendants knowingly and willfully failed to provide Plaintiff and Class members with proper wage and hour notices as required under the NYLL.Due to Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants unpaid minimum wages, unpaid overtime wages, unpaid spread of hours premiums, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the NYLL.

## COUNT III

### INTERFERENCE AND RETALIATION UNDER THE EARNED SICK AND SAFE TIME ACT

71. Plaintiff realleges and incorporates all the foregoing paragraphs of this Complaint as if fully set forth herein.

72. Defendants knowingly and willfully failed to provide Plaintiff with proper sick leave as required under the ESSTA.

73. Defendants are employers covered by ESSTA's sick leave provision as an "employers with between five and ninety-nine employees in any calendar year, each employee

shall be provided with up to forty hours of paid sick leave in each calendar year." NY Lab. Law § 196-B(1)(b).

74. Defendants are required to give employees sick leave upon oral or written request for "a mental or physical illness, injury, health condition of such employee. . .regardless of whether such illness, injury, or health condition has been diagnosed or requires medical care at the time that such employee requests such leave." NY. Lab. Law § 196-B(4)(a).

75. NYLL makes it unlawful for an "employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner, discriminate, or retaliate against any employee because such employee has exercised his or her rights afforded under this section, including, but not limited to, requesting sick leave and using sick leave, consistent with the provisions of section two hundred fifteen of this chapter." New York Lab. Law § 196-B(7)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs, and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL and ESSTA;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wages, due under the FLSA and the NYLL;

d. An award of unpaid overtime wages, due under the FLSA and the NYLL;

e. An award of unpaid spread of hours premiums, due under the NYLL;

f. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

g. An award of liquidated damages as a result of Defendants' willful failure to pay wages pursuant to the FLSA;

h. An award of liquidated damages as a result of Defendants' willful failure to pay wages, pursuant to the NYLL;

i. An award of back pay, front pay, compensatory damages, punitive damages, damages for egregious emotional distress, and all other penalties the Court deems appropriate as a result of Defendants' willful retaliatory conduct against Plaintiff, pursuant to the FLSA and the NYLL;

j. All applicable compensatory and punitive damages under the ESSTA;

k. An award of pre-judgment and post-judgment interests, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

l. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

m. Designation of the action as a class action pursuant to F.R.C.P 23;

n. Designation of Plaintiff as Representative of the class; and

o. Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand trial by jury on all issues so triable as of right by jury.

Dated: October 16, 2023                               Respectfully submitted,

                                              **LEE LITIGATION GROUP, PLLC**

By: */s/ C.K. Lee*
C.K. Lee, Esq. (CL 4086)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1180
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA*
*Collective Plaintiffs, and the Class*